IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ERIKA L. VAN CROFT, | * | |
| | * | |
| Plaintiff, | * | |
| | * | Civil Action No. 21-cv-03084-PX |
| v. | * | |
| | * | |
| CONAN NOEL LOUIS, *et al.*, | * | |
| | * | |
| Defendants. | * | |
| | * | |

\*\*\*

## <u>MEMORANDUM OPINION</u>

In this diversity action, Plaintiff Erika Van Croft has sued her former paramour, Conan Noel Louis; Louis' wife, Gail Louis; and Mi Rancho Restaurant of Maryland ("Mi Rancho") for injuries sustained when Mr. Louis assaulted Van Croft while on restaurant property.  ECF No. 1. Van Croft proceeds pro se and has twice supplemented her Complaint.  ECF Nos. 1, 26, & 41. The Court therefore construes all three pleadings as the operative Complaint.  *Ervin v. Corizon Health*, No. CV ELH-21-2386, 2021 WL 5760728, at *1 (D. Md. Dec. 3, 2021), *aff'd* No. 21-7757, 2022 WL 1135099 (4th Cir. Apr. 18, 2022) (considering multiple complaints together).

Mr. Louis has answered the allegations against him and counterclaims against Van Croft for negligence.  *See generally* ECF No. 13.  Mrs. Louis moves to dismiss the claims as to her. ECF No. 47.  Mi Rancho, too, moves to dismiss all allegations against it, and separately moves to "expunge" a lis pendens that Van Croft had filed in Montgomery County Circuit Court against Mi Rancho's real property.  ECF Nos. 49 & 55.  The Court finds no hearing necessary.  *See* D. Md. Loc. R. 105.6.  For the reasons that follow, the Court GRANTS Mrs. Louis' motion to dismiss, GRANTS Mi Rancho's motion as to the intentional torts, DENIES Mi Rancho's motion on the negligence claim, and orders the lis pendens terminated.

I.     **Background**[1]

Van Croft had been romantically involved with Mr. Louis, and they broke up while having dinner at Mi Rancho.  ECF No. 1 at 8-9 ¶¶ 2, 4.  Louis reacted badly, chasing after Van Croft and punching her in the kidney.  *Id.* at 8-9 ¶ 4.  Van Croft collapsed to the ground while Louis continued to punch her, yelling "You don't know who the fuck I am bitch."  *Id.*  Eventually, Van Croft rose to her feet and tried to get away, but Louis attacked her again.  *Id.*  This time, Louis pinned her to the ground and then proceeded to punch her.  *Id.*  Throughout, Mi Rancho employees watched but did nothing to summon law enforcement or otherwise intervene, despite Van Croft's repeated pleas for help.  *Id.*  The restaurant also erased camera surveillance footage of the assault.  ECF No. 1 at 10-11 ¶¶ 10-11.  Van Croft had been badly injured, although the Complaint offers few specifics.  *Id.* at 10 ¶ 10.

Immediately after the assault, Van Croft called Gail Louis to tell her what happened.  *Id.* at 9 ¶ 5; ECF No. 26 ¶ 2.  Mrs. Louis knew about the affair between her husband and Van Croft, and she had also witnessed Louis "repeatedly threaten" Van Croft on other occasions.  ECF No. 26 ¶¶ 2-3.  Upon learning about the assault, Mrs. Louis did not alert the authorities; instead, she hid "or otherwise dissipated the assets in an effort to prevent [Van Croft] from receiving any payment from a potential judgement in this action[.]"  ECF No. 26 ¶¶ 4-5; ECF No. 41 ¶ 2.

Van Croft originally filed suit in the United States District Court for the Eastern District of Pennsylvania against Mr. Louis, Mrs. Louis, and Mi Rancho.  *See generally* ECF No. 1.  On December 2, 2021, the action was transferred to this Court and assigned to the Honorable Paul W. Grimm.  ECF No. 5.[2]  On June 6, 2022, Mr. Louis answered the Complaint and filed a single

---

[1] The Court construes the Complaint facts most favorably to Van Croft.  *See Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997).

[2] After Judge Grimm's retirement, the action was reassigned to this Court on December 14, 2022.

counterclaim against Van Croft for negligence.  ECF No. 13.

Van Croft filed two supplements to the Complaint, which collectively added new factual averments and common law and statutory claims against Mrs. Louis.  ECF Nos. 26 & 41.  Mrs. Louis and Mi Rancho now move to dismiss all claims against them pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  ECF Nos. 47 & 49.

Van Croft also filed a "Lis Pendens Notice" in the Circuit Court for Montgomery County, attempting to attach real property owned by Mi Rancho based on any potential future liability arising from this action.  *See* ECF No. 55-2.  Mi Rancho now asks this Court to "expunge" the lis pendens.  ECF No. 55.

The Court turns first to the motions to dismiss.

## II.     Motions to Dismiss

### A.  Standard of Review

A motion to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the sufficiency of the complaint.  *See Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (citation and internal quotation marks omitted).  The Court accepts "the well-pled allegations of the complaint as true," and construes all facts and reasonable inferences most favorably to the plaintiff.  *See Ibarra*, 120 F.3d at 474.  A complaint's factual allegations "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).  The Court must be able to deduce "more than the mere possibility of misconduct"; the facts of the complaint, accepted as true,

must demonstrate that the plaintiff is entitled to relief. *See Ruffin v. Lockheed Martin Corp.*, 126 F. Supp. 3d 521, 526 (D. Md. 2015) (quoting *Iqbal*, 556 U.S. at 679). Generally, pro se plaintiffs are held to a "less stringent" standard than lawyers, and a court should construe their claims liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). But "even a *pro se* complaint must be dismissed if it does not allege a 'plausible claim for relief.'" *Forquer v. Schlee*, No. RDB-12-969, 2012 WL 6087491, at *3 (D. Md. Dec. 4, 2012) (quoting *Iqbal*, 556 U.S. at 679).

### B.  Mrs. Louis' Motion to Dismiss

The Complaint alleges that Mrs. Louis negligently failed to contact law enforcement after she learned that her husband had assaulted Van Croft. ECF No. 26 ¶ 4. For this negligence claim to survive challenge, the complaint facts must make plausible that Mrs. Louis owed a duty of care to Van Croft, that she breached the duty of care, and that the breach caused damages. *Jacques v. First Nat. Bank of Md.*, 307 Md. 527, 531 (1986). However, Maryland does not recognize a general affirmative duty to "control the conduct of a third person"; an individual defendant need not take any action to help the plaintiff, absent the existence of a "special relation" between the two. *Lamb v. Hopkins*, 303 Md. 236, 242 (1985) (quoting Restatement (Second) of Torts § 315 (1965)); *see also Tolbert-Boyd v. MGM Nat'l Harbor, LLC*, No. DKC 19-3020, 2020 WL 4748540, at *3 (D. Md. Aug. 17, 2020).

On the question of "duty," the Complaint avers that Mrs. Louis had a "duty to notify the police of the assault" and "to preserve the assets of the marriage." ECF No. 26 ¶¶ 4-5. But not as to her husband's mistress. Nothing, in fact or law, makes plausible that Mrs. Louis' role as the "financial leader of [her] home and marriage" imposes any duties related to Van Croft. *See generally* ECF Nos. 26 & 41. Accordingly, because even a most charitable reading of the

4

Complaint makes no such duty plausible, the negligence claim against Mrs. Louis fails.

A second liability theory presses that Mrs. Louis' "willful and wanton conduct" caused Van Croft injury. ECF No. 26 ¶ 3. At best, this averment amounts to a tort sounding in reckless disregard of a known or obvious risk to the plaintiff. Van Croft attempts to hold Mrs. Louis accountable for "highly unreasonable conduct, involving an extreme departure from ordinary care, in a situation where a high degree of danger is apparent." *Medina v. Meilhammer*, 62 Md. App. 239, 249-50 (1985) (quoting Prosser and Keeton, *Law of Torts*, § 834 at 212-14 (3rd ed. 1984)). In support, the Complaint avers that Mrs. Louis witnessed Mr. Louis repeatedly threaten Van Croft. ECF No. 26 ¶ 3. But even so, nothing makes plausible that Mrs. Louis ever had a legal duty to intervene. Thus, the claim fails for the same reasons as the negligence allegation.

The Complaint also asserts that Mrs. Louis violated the Uniform Voidable Transactions Act ("UVTA") by hiding assets in contemplation of a judgment against her or her husband for the assault. ECF No. 41 ¶¶ 8-12. The UVTA is a model code that aims to "limit[] a debtor from fraudulently transferring or encumbering property to the detriment of creditors." Maurice J. Herzing, *Uniform Voidable Transactions Act*, 50 A.L.R. 7th Art. 5 (2020). Maryland has not adopted the UVTA, and so no claim invoking the model code is legally available. However, because Van Croft proceeds pro se, the Court will construe the claim as one brought under the closest analogue in Maryland, the Maryland Uniform Fraudulent Conveyance Act, Md. Code Ann., Com. L. §§ 15–201 et seq. ("MUFCA").

Like the UVTA, the MUFCA prohibits fraudulent conveyances of assets to avoid liability. *Meese v. Meese*, 212 Md. App. 359, 369 (2013). To make a MUFCA claim plausible, a plaintiff must aver the existence of a creditor-debtor relationship between the parties, and that the debtor fraudulently transferred assets to avoid the debt. Md. Code Ann., Com. L. § 15-206;

*Dixon v. Bennett*, 72 Md. App. 620, 623 n.2 (1987); s*ee also Santander Bank, NA v. Gaver*, No. RDB-17-00374, 2019 WL 1077386, at *4 (D. Md. Mar. 7, 2019) (quoting *Nat'l Mortg. Warehouse, LLC v. Trikeriotis*, 201 F. Supp. 2d 499, 502 (D. Md. 2002)).   Additionally, the fraudulent conveyance must be pleaded with particularity.  *See Residential Warranty Corp. v. Bancroft Homes Greenspring Valley, Inc.*, 126 Md. App. 294, 314 (1999) (citing *Neeb v. Atlantic Mill & Lumber Realty Co.*, 176 Md. 297, 306 (1939)); *see also North Avenue Capital, LLC v. United States*, No. SAG-22-03240, 2023 WL 2864939, at *5 (D. Md. Apr. 10, 2023) (dismissing claims that "failed to allege which transfers of security interests were fraudulent [and] how much money and collateral was involved"); *Santander Bank*, 2019 WL 1077386, at *5.

Fatal to the claim, no facts make plausible that Van Croft and Mrs. Louis enjoy a debtor-creditor relationship.  Mrs. Louis owes Van Croft nothing.  Nor do any complaint facts make plausible that even if Mr. Louis became personally liable to Van Croft as a debtor in relation to this suit, that liability would extend to Mrs. Louis.

Alternatively, even if the Court accepts the Complaint's bare legal conclusion that Mrs. Louis is "likely to engage in fraudulent conveyances" to avoid a judgment against her, no transfers have been identified with the requisite specificity.  ECF No. 41 ¶ 6.  Rather, the Complaint states in mere conclusory fashion that Mrs. Louis intends to "hide or dissipate any assets—marital or otherwise[.]"  *Id.*  The claim thus fails as a matter of law.  *Accord North Avenue Capital, LLC*, 2023 WL 2864939, at *5 ("Such generalized and speculative pleadings are insufficient to provide Plaintiffs with adequate notice of the claims against them.").

All claims against Mrs. Louis will be dismissed.

### C.  Mi Rancho's Motion to Dismiss

Van Croft also fronts several liability theories as to Mi Rancho, to include a catch-all

"Intentional Tortious Act" and "Intentional Infliction of Emotional Distress" as well as a separate claim for negligence.  ECF No. 1 at 10-11 ¶¶ 9-12.  All claims save for negligence share a common allegation—that because Louis assaulted Van Croft on restaurant property, Mi Rancho is vicariously liable for Louis' misconduct.  As to these claims, Mi Rancho responds that because Mr. Louis had no affiliation with the restaurant, the claims against it must fail.  ECF No. 49 at 4.  The Court agrees with Mi Rancho.

It is well-established that "[i]ntentional torts generally require that the actor intend 'the *consequences* of an act,' not simply the act itself." *Kawaauhau v. Geiger*, 523 U.S. 57, 61-62 (1998) (quoting Restatement (Second) of Torts § 8A, cmt. a (1964)).  The Complaint does not describe how any Mi Rancho employee participated in Mr. Louis' assault of Van Croft.  Nor has the Complaint pleaded any such relationship between Louis and Mi Rancho that could give rise to vicarious liability as to any intentional torts.  *See Whittaker v. David's Beautiful People, Inc.*, No. DKC 14-2483, 2016 WL 429963, at *9 (D. Md. Feb. 4, 2016) (explaining that "bald assertions" cannot establish vicarious liability).  Thus, those claims fail as a matter of law.

The Complaint separately faults Mi Rancho for impeding this litigation in "refusing to preserve evidence" such as camera footage.  ECF No. 1 at 10 ¶ 10.  But this bare allegation, standing alone, does not amount to a cause of action.  *Accord Jarvis v. Staples, Inc.*, No. PJM 10-244, 2010 WL 4942010, at *4-5 (D. Md. Nov. 30, 2010) ("[Plaintiff's] claim for 'obstruction of justice and spoliation of videotape evidence' fails as a matter of law, since neither the Fourth Circuit nor the State of Maryland recognizes this as an independent cause of action.").  Although perhaps Mi Rancho's failure to preserve video footage may give rise to a spoliation of evidence argument as the case progresses, that question cannot be answered at this juncture.  *See Silvestri v. Gen. Motors Corp.*, 271 F.3d 583, 590 (4th Cir. 2001).

7

As to the negligence claim against Mi Rancho, the Complaint essentially asserts that Mi Rancho employees negligently failed to intervene as Mr. Louis attacked Van Croft on the restaurant premises.  It is undisputed that Van Croft was dining at the restaurant when the assault took place.  ECF No. 1 at 8-9 ¶ 4.  Thus, Mi Rancho owed Van Croft, a business invitee, a duty to protect her from known or foreseeable danger while on the premises.  *Southland Corp. v. Griffith*, 332 Md. 704, 719 (1993) (adopting Restatement (Second) of Torts § 314 (1965)).  Foreseeability of such danger is heavily fact dependent.  *See Williams v. Cloverleaf Enters., Inc.*, 203 F.3d 825, at *1-2 (4th Cir. 2000).  While a business is not liable for injuries sustained during sudden and unexpected assaults, *Jackson v. A.M.F. Bowling Ctrs., Inc.*, 128 F. Supp. 2d 307, 311-12 (D. Md. 2001), such duty may arise where the attack of the invitee is prolonged, thus putting the business on notice that its invitee needs assistance, and if rendering such assistance does not put the employee "in the path of danger."  *Southland*, 332 Md. at 719; *see also Todd v. Mass Transit Admin*., 373 Md. 149, 168-69 (2003).

Mi Rancho contends that the claim fails because its employees could not have reasonably anticipated that its patron, Van Croft, would be assaulted.  ECF No. 49-1 at 4-5.  The Complaint, however, avers that the attack went on for some time while Mi Rancho employees stood silent and still.  Louis first punched Van Croft in the kidney "knocking [her] to the ground in plain view of restaurant staff."  ECF No. 1 at 8-9 ¶ 4.  He continued to pummel her while screaming "you don't know who the fuck I am, bitch."  *Id.*  Van Croft tried to leave, but Louis knocked her down again, then jumped her, pinned her to the ground, and hit her repeatedly.  *Id.*  The assault did not end until Louis left the premises.  Construing these facts as true and most favorably to Van Croft, the attack was sufficiently obvious, brutal, and protracted such that Mi Rancho was made aware of the clear danger to Van Croft on restaurant premises.  Because, as pleaded, Mi

Rancho had been on notice of the danger to Van Croft and did nothing to protect her, its argument as to lack of knowledge fails.

Mi Rancho next argues that the claim must be dismissed because any intervention would have placed its own employees at risk of harm.  ECF No. 49-1 at 5.  But the law does not require a specific course of conduct; rather, it commands that a business take *some* reasonable steps to protect the invitee from a known danger.  *See Southland,* 332 Md. at 720 (restaurant owed patron a duty "to aid (call the police)" during an attack when patron asked for help); *Todd*, 373 Md. at 168 (citing *Hanback v. Seaboard Coastline Railroad*, 396 F. Supp. 80, 90 (D.S.C. 1975)).  The Mi Rancho employees took no steps—not even calling the police or emergency medical services—to protect Van Croft from being beaten by another patron.  Given their total inaction throughout the protracted assault, the negligence claim, as pleaded, survives challenge.  *Accord Tolbert-Boyd*, 2020 WL 4748540, at *6.

### D.  Dismissal With or Without Prejudice

Whether to dismiss claims with or without prejudice remains well within the district court's discretion.  *See Weigel v. Maryland*, 950 F. Supp. 2d 811, 825-26 (D. Md. 2013) (citing *180s, Inc. v. Gordini U.S.A., Inc.*, 602 F. Supp. 2d 635, 638-39 (D. Md. 2009)); *Carter v. Norfolk Cmty. Hosp. Ass'n*, 761 F.2d 970, 974 (4th Cir. 1985).  Generally, when a plaintiff has not been afforded an opportunity to amend the complaint, dismissal should be without prejudice.  *Cosner v. Dodt*, 526 F. App'x 252, 253 (4th Cir. 2013).  However, if amendment to the pleadings would be futile, dismissal with prejudice is warranted.  *See Cozzarelli v. Inspire Pharms., Inc.*, 549 F.3d 618, 630 (4th Cir. 2008) (finding district court did not abuse discretion in dismissing complaint with prejudice where "amendment would be futile in light of the fundamental deficiencies in plaintiffs' theory of liability"); *McLean v. United States*, 566 F.3d 391, 401 (4th Cir. 2009)

("Once a court has determined that the complaint is truly unamendable, a dismissal without prejudice is of little benefit to the litigant, as the claim cannot be made viable through reformulation.").

Notably, Van Croft has already supplemented her initial Complaint twice to add factual averments and additional claims.  ECF Nos. 26 & 41.  Yet even construing the supplemented Complaint in the light most favorable to Van Croft, her theories of liability as to Mrs. Louis are nonstarters, as are her intentional tort claims against Mi Rancho.  Because the Court cannot conceive of how further amendment could cure these claims, they will be dismissed with prejudice.

### III.     Mi Rancho's Motion to Expunge

Last, Mi Rancho moves to "expunge" a Notice of Lis Pendens that Van Croft filed in the Circuit Court of Montgomery County.  ECF No. 55.  A lis pendens provides public notice of potential encumbrances to real property when pending litigation involves the property itself.  *See Wal-Mart Real Estate Bus. Trust v. Garrison Realty Invs., LLC*, No. RDB-21-2319, 2023 WL 2213928, at *4 (D. Md. Feb. 23, 2023) (citing *Greenpoint Mortg. Funding, Inc. v. Schlossberg*, 390 Md. 211, 222 (2005)); *see also* Md. Rule 12-102(b).  It is axiomatic, therefore, that the notice provided by filing a lis pendens is available "only in 'proceedings directly relating to the title of the property,' or in litigation that aims 'to subject the property in question to the disposal of a decree of the court.'"  *Wal-Mart Real Estate*, 2023 WL 2213928, at *5 (citing *DeShields v. Broadwater*, 338 Md. 422, 435 (1995)).  Lis pendens is not appropriate, however, merely to cloud the title of an asset so that it may be "available to answer a judgment in [her] favor."  *Meliani v. Jade Dunn Loring Metro, LLC*, 286 F. Supp. 2d 741, 746 (E.D. Va. 2003); *see also Warfel v. Brady*, 95 Md. App. 1, 8 (1993) (explaining "that *lis pendens* may not be predicated

upon an action seeking recovery of money damages prior to securing a valid judgment").

Maryland Rule 12-102 sets the procedure for filing and terminating a notice of lis pendens.  As to extinguishing lis pendens while the pertinent civil action is pending, the rule provides that "[o]n motion of a person in interest and for good cause, the court in the county in which the action is pending may enter an order terminating the lis pendens in that county and any other county in which the lis pendens has been recorded."  Md. Rule 12-102(c)(1).  *See Stewart Title Guar. Co. v. Sanford Title Servs., LLC*, No. ELH-11-620, 2011 WL 2681196, at *3 (D. Md. July 8, 2011); *see also Ahmad v. Gov't Nat. Mortg. Ass'n*, No. RDB-13-3326, 2014 WL 2558909, at *1-2 (D. Md. June 4, 2014) (granting motion to terminate lis pendens).

Mi Rancho correctly argues that Van Croft seeks only monetary damages for the negligent acts of its agents, and so the claims in no way involve the real property.  *See generally* ECF Nos. 1, 26, & 41.  Accordingly, lis pendens is wholly inappropriate.  Mi Rancho has demonstrated good cause for this Court to order that the lis pendens be terminated.  Md. Rule 12-102(c)(1).  *Cf. Meliani*, 286 F. Supp. 2d at 748 (granting "motion to quash the lis pendens" in Fairfax County land records under Virginia law where underlying federal action did not implicate real property).

### IV.    Conclusion

Based on the foregoing, the Court grants Mrs. Louis' motion to dismiss and grants in part and denies in part Mi Rancho's motion to dismiss.  The lis pendens shall be terminated.  A separate Order follows.


July 10, 2023                                                        /S/
Date                                                                Paula Xinis
                                                                   United States District Judge